UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEG PAULSEN

Plaintiff,

v.

7-ELEVEN INC.

Defendant.

NO. 2:24-cv-00823

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Meg Paulsen, by and through her attorneys Conrad Reynoldson and Marielle Maxwell of Washington Civil & Disability Advocate bring this Complaint against Defendant 7-Eleven Inc.

## I.    OVERVIEW

1.1     7-Eleven Inc. ("7-Eleven" or "Defendant") is an American convenience store chain, headquartered in Irving, Texas and wholly owned by Japanese company Seven & I Holdings Co. Ltd. 7-Eleven owns, operates, franchises, and licenses over 80,000 stores in 19 countries and territories as of January 2024. 7-Eleven Inc. is a company that owns commercial real estate property in Washington state.

Complaint for Declaratory and Injunctive Relief - 1
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1.2 On information and belief, 7-Eleven owns and operates the commercial real estate property at Parcel Number 0820000053 located at or around 12355 15th Ave NE, Seattle, WA 98125 (the "Property").

1.3 At the Property, a 7-Eleven branded convenience store and two 7-Eleven branded self-service gas pumps are currently in operation.

1.4 The convenience store and gas pumps located at the Property are open to the public and are served by a parking lot that members of the public park at in order to patronize the business.

1.5 As a private entity, Defendant is subject to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., which prohibits discrimination against individuals on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation. Under the ADA, public accommodations include parking services, which must be provided consistent with the Department of Justice 2010 ADA Standards for Accessible Design ("2010 ADA Standards") or the precursor standards for ADA compliance adopted in 1991, the 1991 ADA Standards for Accessible Design ("1991 ADA Standards"). See 28 CFR part 36, subpart D; the 2004 Americans with Disabilities Act Accessibility Guidelines (ADAAG) at 36 CFR part 1191, appendices B and D; and 28 CFR part 36, subpart D, appendix A ("1991 ADA Standards").

1.6 Like the ADA, the Washington Law Against Discrimination ("WLAD") RCW 42.60 et seq. prohibits discrimination against individuals on the basis of disability in places of public resort, accommodation, or amusement.

Complaint for Declaratory and Injunctive Relief - 2
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1.7     This litigation is brought by Ms. Paulsen. She has a mobility disability that limits her in the major life activity of walking and requires her to use a wheelchair. Ms. Paulsen drives herself in a motor vehicle modified for wheelchair use as her preferred means of travel to locations relevant to her employment, commercial, and social activities.

1.8     Ms. Paulsen visited the Property and the parking facility at the Property and subsequently encountered barriers to the full access guaranteed by the ADA and WLAD.

1.9     Defendant has violated Title III and Washington's Law Against Discrimination because Defendant operates a property as a place of public accommodation that does not comply with ADA laws and regulations or the WLAD, and thus Ms. Paulsen brings this action to end the civil rights violations at a place of public accommodation by Defendant against her as well as other customers with mobility disabilities.

1.10    Ms. Paulsen brings this lawsuit to ensure that she and other customers with mobility disabilities have accessible and safe access to this business.

## II.     JURISDICTION AND VENUE

2.1     This action arises under the laws of the United States and is brought pursuant to §12132. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3)-(4) (civil rights jurisdiction)

2.2     The court also has supplemental jurisdiction over Ms. Paulsen's state law claims pursuant to Washington's Law Against Discrimination, RCW 49.60, pursuant to 28 U.S.C. § 1367.

2.3     Venue in this court is proper pursuant to 28 U.S.C. § 1391(b)(2), as all of the events giving rise to the claims occurred in King County, Washington State.

Complaint for Declaratory and Injunctive Relief - 3
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

## III. PARTIES

3.1     Meg Paulsen is the Plaintiff in this action. Ms. Paulsen is a resident of King County, Washington, which is in this judicial district.

3.2.    Ms. Paulsen is a qualified individual with a disability as defined by Title III of the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.010 et seq. Ms. Paulsen has a mobility disability and is unable to walk. Ms. Paulsen uses a wheelchair and a modified vehicle for transportation and requires accessible parking and an accessible route to be able to safely and comfortably patronize places of public accommodation, such as the business located at Defendant's Property.

3.3.    7-Eleven Inc. is a privately held corporation. 7-11 is principally engaged in the retail business as it is an American convenience store chain. Headquartered in Irving, Texas, &-Eleven is wholly owned by Japanese company Seven & I Holdings Co. Ltd. 7-Eleven owns, operates, franchises, and licenses over 80,000 stores in 19 countries and territories as of January 2024. 7-Eleven is a company that owns commercial real estate property in Washington state.

## IV. FACTS

4.1     Plaintiff incorporates by reference the prior paragraphs herein.

4.2     7-Eleven is a company that owns commercial real estate property in Washington state. On information and belief, 7-Eleven owns and/or operates the commercial real estate property at Parcel Number 0820000053 located at or around 12355 15th Ave NE, Seattle, WA 98125.

4.3     At the Property, a 7-Eleven branded convenience store and two 7-Eleven branded self-service gas pumps are currently in operation and open to the public. The Property also has a parking lot that members of the public park at in order to patronize the convenience store.

Complaint for Declaratory and Injunctive Relief - 4
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.4     Per the ADA, a restaurant, bar, or other establishment serving food or drink, bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment, laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment as the businesses themselves are commercial facilities intended for nonresidential use, and their operations affect commerce. 42 U.S.C. § 12181(7).

4.5     Thus, the parking facility that is open to the public, as well as the convenience store itself and accessible routes from parking to the business located at Defendant's Property, are commercial facilities intended for nonresidential use, and their operations affect commerce. 42 U.S.C. § 12181(7)

4.6     More than thirty years after the passage of the ADA, Defendant discriminates against individuals with disabilities who have mobility impairments. Defendant owns and/or operates commercial real estate that houses a public business and parking facilities and routes from those facilities to that public business in such a way that individuals with disabilities who have mobility impairments are provided unequal access and enjoyment to the services and amenities of both the parking and the business.

4.7     For facilities at Defendant's property altered after January 26, 1992, Defendant must ensure that any altered portions of the Property (including restriping) are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. 42 U.S. Code § 12183(a)(2).

Complaint for Declaratory and Injunctive Relief - 5
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.8 To comply with the ADA's non-discrimination provisions with respect to facilities at Defendant's property newly constructed after January 26, 1992, Defendant must comply fully with the ADA standards 42 U.S. Code § 12183(a)(1).

4.9 With respect to any parking facilities whose construction or last alteration predates January 26, 1992, Defendant must remove all architectural barriers to Ms. Paulsen's full and equal enjoyment of Defendant's parking services if readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The duty to remove architectural barriers includes creating designated accessible parking spaces, see 28 C.F.R. § 36.304(b)(18), making the 1991 ADA Standards applicable if readily achievable.

4.10 2010 ADA Standards for Accessible Design were published September 15, 2010 and became effective on March 15, 2012. Thus, the 2010 ADA Standards apply to any of Defendant's parking facilities whose construction or last alteration postdates that effective date.

4.11 With regards to the parking facility at the Property, Defendant must provide accessible parking—in terms of the number of required accessible parking spaces, the design specifications for such spaces, and ingress/egress to each facility, inter alia—that is consistent with the 2010 ADA Standards, see 28 CFR part 36, subpart D and the 2004 Americans with Disabilities Act Accessibility Guidelines (ADAAG) at 36 CFR part 1191, appendices B and D; or, in pertinent part, with the 1991 ADA Standards under 28 CFR part 36, subpart D (hereinafter collectively "ADA Standards").

4.12 On information and belief, the public parking facility owned or operated by Defendants at the Property was altered (by resurfacing, restriping, or other construction) after January 26, 1992, making Defendants subject to the applicable 1991 ADA Standards or 2010 ADA Standards where applicable.

Complaint for Declaratory and Injunctive
Relief - 6
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.13	The 1991 ADA Standards and 2010 ADA Standards set forth numerical requirements for the number of accessible parking spaces each parking facility[1] is required to contain. The number of parking spaces required to be accessible is to be calculated separately for each parking facility.

4.14	For parking facilities with 1-25 total spaces must be one (1) accessible space. For parking facilities containing 26 to 50 total spaces, there must be two (2) accessible spaces. For parking facilities containing 51 to 75 total spaces, there must be three (3) accessible spaces. For parking facilities containing 76 to 100 total spaces, there must be four (4) accessible spaces. For parking facilities containing 101 to 150 total spaces, there must be five (5) accessible spaces. For parking facilities containing 151 to 200 total spaces, there must be six (6) accessible spaces. For parking facilities containing 201 to 300 total spaces, there must be seven (7) accessible spaces. For parking facilities containing 301 to 400 total spaces, there must be eight (8) accessible spaces. For parking facilities containing 401 to 500 total spaces, there must be nine (9) accessible spaces. For parking facilities containing 501 to 1000 spaces, there must be at least 2 percent of the total number of spaces designated for accessible parking. Tables reflecting the numerical requirements under both the 1991 ADA Standards and 2010 ADA Standards are respectively available under 28 C.F.R. Pt.36, App. A, § 4.1.2(5) (1991); and 36 C.F.R. part 1191, App. B, § 208.2.

4.15	In addition to numerical requirements, the ADA Standards mandate that each standard accessible space be a minimum of 96 inches in width. *See* § 4.6.3 of the 1991 ADA Standards, § 502.2 of the 2010 ADA Standards.

---

[1] Parking facilities are defined in the ADA Standards as both surface parking lots and parking structures such as garages.

Complaint for Declaratory and Injunctive Relief - 7
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.16     There must also be an access aisle at least 60 inches wide for each space (though the same aisle may serve two adjacent spaces), which extends the entire length of the space. *See* § 4.6.3 of the 1991 ADA Standards, §§ 502.3.1-502.3.2 of the 2010 ADA Standards.

4.17     Per §502.3.3 of the 2010 ADA Standards, access aisles are to be marked to discourage parking in them.

4.18     Per the 1991 ADA Standards, one in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 inches wide at minimum and shall be designated "van accessible" on the sign designating the space. §§ 4.1.2(5)(b), 4.6.4 of the 1991 ADA Standards. The parking facility must allow a minimum clearance of 98 inches at "van accessible" designated spaces and along at least one vehicle access route to such spaces from site entrance(s) and exit(s). *Id.* § 4.6.5.

4.19     The 2010 ADA Standards, where applicable, require that one in every six (or fraction of six) accessible spaces be designated as "van accessible" on the parking space identification sign. §§ 208.2.4, 502.6 of the 2010 ADA Standards. The 2010 ADA Standards have the same vertical clearance specifications of 98 inches as the 2010 ADA Standards. *See id*. § 502.5.

4.20     The 2010 ADA Standards require the "van accessible" parking space to be either to be 132 inches (3350 mm) wide minimum with a 60 inches wide access aisle, or, like the 1991 ADA Standards, to be 96 inches (2440 mm) wide minimum where the access aisle is 96 inches (2440 mm) wide minimum. *Id.* § 502.2. Angled "van accessible" parking spaces are required to have access aisles located on the passenger side of the parking spaces. *Id.* § 502.3.4.

4.21     The ADA Standards require that accessible parking spaces and access aisles serving them be level with surface slope changes not permitted above 1:50 maximum in the 1991 ADA

Complaint for Declaratory and Injunctive Relief - 8
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

Standards and 1:48 maximum in the 2010 ADA Standards. *See* § 4.6.3 of the 1991 ADA Standards, §§ 502.4, 302 of the 2010 ADA Standards.

4.22    The ADA Standards require accessible parking spaces be designated as reserved by a sign designating the space that shows the International Symbol of Accessibility ("ISA"). "Van accessible" spaces shall have an additional sign designation of "van accessible" mounted below the symbol of accessibility. §§ 4.6.4, A4.6.4 of the 1991 ADA Standards, § 502.6 of the 2010 ADA Standards.

4.23    The 1991 ADA Standards only require signs designating accessible parking to be located so they cannot be obscured by a vehicle parked in the space (§ 4.6.4 of the 1991 ADA Standards), but the 2010 ADA standards require signs to be 60 inches (1525 mm) minimum above the finish floor or ground surface measured to the bottom of the sign. § 502.6 of the 2010 ADA Standards.

4.24    In accordance with the ADA Standards, accessible parking spaces serving a particular building are to be located on the shortest accessible route of travel from adjacent parking to an accessible entrance. In parking facilities that do not serve a particular building, accessible parking is to be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility. In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces shall be dispersed and located closest to the accessible entrances. *See* § 4.6.2 of the 1991 ADA Standards, § 208.3.1 of the 2010 ADA Standards.

4.25    The ADA Standards provide that the number of spaces required need not be provided in a particular lot and may be provided in a different location if equivalent or greater accessibility, in terms of distance from an accessible entrance, cost and user convenience is ensured. *See* § 4.1.2(5)(a) of the 1991 ADA Standards, § 208.3.1 of the 2010 ADA Standards. "User

Complaint for Declaratory and Injunctive Relief - 9
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

convenience" is further described in the 2010 Standards as factors that include but are not limited to, protection from the weather, security, lighting, and comparative maintenance of the alternative parking site.

4.26 The ADA Standards further mandate that a parking facility has an accessible route that connects building or facility entrances with all accessible spaces and elements within the building or facility, including accessible parking spaces. *See* § 4.1.3 (1) of the 1991 ADA Standards; §§ 206.2.1-206.2.2 of the 2010 ADA Standards.

4.27 Thus, there must be an accessible route connecting the ADA-designated parking at the Property with the entrances to the business it serves.

4.28 This accessible route must be connected to the access aisle of accessible parking spaces and must be a minimum of 36 inches (915 mm) wide. *See* § 4.6.2 of the 1991 ADA Standards, §§ 403.5.1, 502.3 of the 2010 ADA Standards.

4.29 Ground and floor surfaces along accessible routes and in accessible rooms and spaces including floors, walks, ramps, stairs, and curb ramps, shall be stable, firm, slip resistant. § 4.5.1 of the 1991 ADA Standards, § 303.1 of the 2010 ADA Standards.

4.30 Openings that are within walking surfaces along accessible routes then shall have spaces no greater than 1/2 in (13 mm) wide in one direction. Elongated openings shall be placed so that the long dimension is perpendicular to the dominant direction of travel § 4.5.4 of the 1991 ADA Standards, § 302.3 of the 2010 ADA Standards.

4.31 The run slope of walking surfaces on the accessible route shall not be steeper than 1:20 (5%). § 4.3.7 of the 1991 ADA Standards, § 403.3 of the 2010 ADA Standards.

Complaint for Declaratory and Injunctive Relief - 10
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.32    The cross slope of walking surfaces on an accessible route shall not be steeper than 1:48 (2.08%) In the 2010 ADA Standards and may not be than 1:50 (2%) in the 1991 ADA Standards. § 403.3 of the 2010 ADA Standards, § 4.3.7 of the 1991 ADA Standards.

4.33    Ramps on an accessible route shall have a running slope not steeper than 1:12 (8.33%). §4.8.2 of the 1991 ADA Standards, § 405.2 of the 2010 ADA Standards.

4.34    Curb ramps and ramps on an accessible route to be constructed on existing sites or in existing buildings or facilities where space limits prohibit use of a 1:12 (8.33%) slope or less, may, for a maximum rise of 6 inches have slopes between 1:12 (8.33%) and 1:10 (10%), and for a maximum rise of 3 inches it may have slopes between 1:10 (10%) and 1:8 (12.5%). A slope steeper than 1:8 (12.5%) is not allowed. §4.1.6(3)(a) of the 1991 ADA Standards, § 405.2 of the 2010 ADA Standards.

4.35    Ramps on an accessible route must have a cross slope of no steeper than 1:48. § 405.3 of the 2010 ADA Standards.

4.36    On an accessible route, the clear width of a ramp run and, where handrails are provided, the clear width between handrails must be 36 inches minimum. § 4.8.3 of the 1991 ADA Standards, § 405.5 of the 2010 ADA Standards.

4.37    On an accessible route, ramp runs with a rise greater than 6 inches (150 mm) must have handrails on both sides. § 4.8.5 of the 1991 ADA Standards, §§ 405.8, 505.2 of the 2010 ADA Standards.

4.38    On an accessible route, edge protection must be provided on each side of ramp runs and at each side of ramp landings. §§ 4.8.5, 4.8.7 of the 1991 ADA Standards. § 405.9 of the 2010 ADA Standards.

Complaint for Declaratory and Injunctive Relief - 11
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.39 Where provided on an accessible route, curb ramps flares shall not be steeper than 1:10. § 4.7.5 of the 1991 ADA Standards, § 406.3 of the 2010 ADA Standards.

4.40 The 2010 ADA Standards state that the landing at the top of a curb ramp on an accessible route must be 36 inches (915 mm) minimum. In alterations, where there is no landing at the top of curb ramps, curb ramp flares shall be provided and shall not be steeper than 1:12. § 406.4 of the 2010 ADA Standards.

4.41 28 CFR § 36.211(a) requires that "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part. 28 CFR § 36.211(a).

4.42 Based on Ms. Paulsen's visit to the Property, Defendant does not comply with the applicable required numerical and design specifications under the ADA Standards at the parking facility, as specified below.

**Features of the Parking Facility**

4.43 The parking facility that serves the 7-Eleven branded convenience store at the property contains at least 6 total parking stalls with 1 space among those designated as "accessible" by an extremely faded painted International Symbol of Accessibility on the space.

4.44 A recent photograph of this space is included below:

Complaint for Declaratory and Injunctive Relief - 12
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172



4.45    The designated accessible space connects via a ramp to a sidewalk that leads to the entrance to the convenience store. A recent photograph of the curb ramp is included below:



4.46    There is no sign designating the space as an accessible space, in violation of the ADA Standards.

4.47    The lines designating the space and striped access aisle are so faded that it is difficult to determine the boundaries of the space or access aisle in violation of the ADA Standards.
Complaint for Declaratory and Injunctive Relief - 13
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.48	There is no space designated as "Van Accessible" at the Property

4.49	The curb ramp to access the sidewalk from the space is not compliant with the ADA Standards. This ramp is of nonstandard construction in a curved shape and has a much running greater slope than what is allowable under the ADA Standards.

4.50	The designated accessible space and the access aisle contain changes in level within the space and aisle that are greater than what the ADA Standards allow.

4.51	There are sizable holes within the space that are greater than 1/2 an inch in width as can be seen in the below recent photographs.




**Summation**

4.52	The federal ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability." The ADA prohibits public accommodations, like the parking serving the Property that Defendant owns and operates, from providing individuals with disabilities with separate or unequal benefits and services.

Complaint for Declaratory and Injunctive  
Relief - 14  
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE  
4115 Roosevelt Way NE, Suite B  
Seattle, WA 98105  
(206) 428-3172

4.53 Per 42 U.S.C. § 12101, the findings and purpose section of the original ADA, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

4.54 Further, "...census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally..." *Id.*

4.55 Finally, "...the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals..." *Id.*

4.56 Defendant's Property, Parcel Number 0820000053 located at or around 12355 15th Ave NE, Seattle, WA 98125, is a place of public accommodation.

4.57 Defendant's Property, due to the enumerated barriers to accessibility and access above, is in violation of applicable standards under the ADA and WLAD.

4.58 Ms. Paulsen has visited the place of public accommodation at the Property in the past and intends to do so in the future in order to gain access to the business in operation at the location.

Complaint for Declaratory and Injunctive Relief - 15
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

## V. CAUSES OF ACTION

### First Cause of Action
### Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12101 *et seq.*

5.1    Ms. Paulsen incorporates by reference the prior paragraphs herein.

5.2    Ms. Paulsen is a qualified individual with a disability as defined under the ADA 42 U.S.C. § 12102.

5.3    Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

5.4    Incorporating by reference the allegations stated above, Defendant's practice alleged herein of not providing facilities that comply with the ADA violates Ms. Paulsen's rights under that statute.

5.5    Defendant owns and/or operates the Property, which houses the convenience store open to the public as well as the parking location that serves the businesses.

5.6    The Property business, the parking accommodations serving the business, and the routes from the parking are public accommodations. 42 U.S.C. § 12181(7)(B).

5.7    In light of Defendant's acts and omissions under the ADA as alleged herein, Ms. Paulsen has faced discrimination in the participation of and benefits of the Property business and parking accommodations serving the business. See 42 U.S.C. § 12182.

5.8    Defendant has failed to remediate architectural barriers and other ADA violations alleged herein, which will foreseeably abridge Ms. Paulsen's rights in the future and deny her access to the benefits and services at Defendant's Property in the future unless the requested injunctive relief herein is granted.

Complaint for Declaratory and Injunctive
Relief - 16
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

5.9   Ms. Paulsen is entitled under the ADA to monetary damages, declaratory and injunctive relief, and reasonable costs and attorneys' fees. 42 U.S.C. § 12188, 42 U.S.C. § 12205.

### Second Cause of Action
### Washington Law Against Discrimination Revised Code of Washington §§ 49.60.010-49.60.505

5.10   Ms. Paulsen incorporates by reference the prior paragraphs herein.

5.11   Ms. Paulsen has a disability as defined under the WLAD. RCW 49.60.040(7).

5.12   Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of…the presence of any sensory, mental, or physical disability…is recognized as and declared to be a civil right. This right shall include, but not be limited to: … (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement…."

5.13   Defendant's Property is a "place of public resort, accommodation, assemblage, or amusement" within the meaning of the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.040.

5.14   Ms. Paulsen is informed, believes, and thereon alleges that Defendant and its agents and employees have violated and continue to violate sections 49.60.010 et seq. of the Revised Code of Washington by unlawfully denying Ms. Paulsen the full and equal access to the Property as a place of public accommodation for the reasons set forth above, including violating the ADA.

5.15   Incorporating by reference the allegations stated above, Defendant's practice alleged herein of not providing facilities that comply with the ADA denies Ms. Paulsen the right of full enjoyment of the public accommodations of the business and parking serving the business

Complaint for Declaratory and Injunctive Relief - 17
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

at the Property. This constitutes discrimination on the basis of Ms. Paulsen's disabilities, in violation of the WLAD.

5.16   Defendant's actions constitute discrimination against Ms. Paulsen and violate the Washington Law Against Discrimination, Revised Code of Washington sections 49.60.010 et seq., in that Ms. Paulsen is being denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to the public.

5.17   Because Ms. Paulsen has a clear legal right to access Defendant's Property as a place of public accommodation, a well-grounded fear of an immediate and future invasion of that right and has been actually injured as a result of Defendant's discriminatory conduct as alleged herein, declaratory and injunctive relief are appropriate remedies. *See Kucera v. Dep't of Transp.*, 140 Wn.2d 200 (2000).

5.18   Ms. Paulsen's request for injunctive relief is prospective and intended to protect the rights of both herself and other customers with disabilities who do and may wish to patronize the places of public accommodation at the Property.

5.19   Pursuant to Wash. Rev. Code § 49.60.030(2), Ms. Paulsenis entitled to declaratory and injunctive relief and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing this action.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Ms. Paulsen prays for the following relief:

6.1   That this Court assume jurisdiction;

6.2   A declaration that Defendant's actions and inactions violated Ms. Paulsen's civil rights under the ADA and WLAD;

Complaint for Declaratory and Injunctive Relief - 18
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

6.3	That this Court issue declaratory and injunctive relief ordering the Defendant to bring the Property into compliance with, and to operate the Property in compliance with, the Americans with Disabilities Act, pursuant to 42 U.S.C. § 12205; and the WLAD;

6.4	Judgment against Defendant for compensatory damages in an amount to be proven at trial;

6.5	That this Court award Ms. Paulsen her reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205, and RCW 49.60.030(2); and

6.6	That this Court award such additional or alternative relief as may be just, proper and equitable.

6.7	The right to conform the pleadings to the evidence presented.

RESPECTFULLY SUBMITTED this 10th day of June, 2024.

WASHINGTON CIVIL & DISABILITY ADVOCATE

/s/ *Conrad Reynoldson*
Conrad Reynoldson, WSBA #48187
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 876-8515
conrad@wacda.com

/s/ *Marielle Maxwell*
Marielle Maxwell, WSBA #54957
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 455-6430
marielle@wacda.com

*Attorneys for Plaintiff*

Complaint for Declaratory and Injunctive Relief - 19
2:24-cv-00823

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172